**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> CREE, INC., <br><br> Defendant. | Civil Action No.: 14-2004 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Cree, Inc., ("Defendant")'s partial motion to dismiss Plaintiff Honeywell International Inc., ("Plaintiff")'s Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court denies Defendants' motion.

### I. BACKGROUND [1]

Plaintiff is a corporation organized under the laws of the state of Delaware, with its principal place of business in New Jersey. (Comp. at ¶ 1). Defendant is a corporation, with its principal place of business in North Carolina. (*Id.* at ¶ 3). Plaintiff is the owner of U.S. Patent

---

[1] The following facts are taken as true solely for the purposes of this motion.

No. 6,373,188 B1 (the "'188 Patent") and U.S. reissued Patent No. RE41,685 (the "'685 Reissue", a reissue of U.S. Patent No. 6,666,567). (*Id.* at ¶ 2).

On April 16, 2002, the United States Patent and Trademark Office ("USPTO") issued the '188 patent, which Plaintiff owns all substantial rights in. (*Id.* at ¶ 8-9). The Patent was entitled "Efficient Solid-State Light Emitting Device With Excited Phosphors For Producing a Visible Light Output." (*Id.* at ¶ 8). Moreover, on January 11, 2011, the USPTO issued an *ex parte* reexamination certificate for the '188 patent. (*Id.* at ¶ 10). Similarly, on December 23, 2003 the USPTO issued the '567 patent, which was later reissued as the '685 reissue on September 14, 2010. (*Id.* at ¶ 11). This patent and subsequent reissue was entitled "Light Source With Non-White and Phosphor-Based White LED Devices, and LCD Assembly." (*Id.*). Plaintiff owns all substantial rights in the '567 reissue, as well. (*Id.* at ¶ 12).

Plaintiff alleges that Defendant has infringed and continues to infringe the '188 Patent by making, using, offering to sell, and/or selling in the United States phosphor-based LEDs and/or products incorporating the same, that are covered by claim 28 of the '188 Patent. (*Id.* at ¶ 14). Moreover, Plaintiff asserts that Defendant has indirectly infringed and continues to indirectly infringe the '188 Patent; Defendant's customers also directly infringe the '188 Patent by their use of Defendant's phosphor-based LED products in the United States; Defendant has knowingly induced infringement and has had specific intent to induce infringement of the '188 Patent by its activities relating to the marketing, sales, support, and distribution of its phosphor-based LED products; Defendant has committed and intended to commit contributory infringement of the '188 Patent; and Defendant knew of the alleged contributory infringement. (*Id.* at ¶ 15). Plaintiff contends that Defendant has had actual knowledge of the '188 patent since no later than October 19, 2007, when Plaintiff filed an original Complaint against Defendant in

the United States District Court for the Eastern District of Texas, alleging infringement of the '188 Patent. (*Id.* at ¶ 16). Regardless of Defendant's knowledge of the '188 Patent, as well as Plaintiff's allegations of infringement and the confirmation of the '188 Patent claims in reexamination, Defendant has allegedly continued to infringe, directly and indirectly, the '188 Patent, sufficient to entitle Plaintiff to treble damages. (*Id.* at ¶ 16-17).

Similarly, Plaintiff alleges that Defendant has infringed and continues to infringe the '188 Patent by making, using, offering to sell, and/or selling in the United States, LED systems and arrays of LEDs and/or products incorporating the same, that are covered by claim 10 of the '685 Reissue. (*Id.* at ¶ 20). Plaintiff asserts that Defendant has indirectly infringed and continues to indirectly infringe the '685 Reissue as well. (*Id.* at ¶ 21). What is more, Plaintiff alleges that Defendant's customers also directly infringe the '685 Reissue by their use of Defendant's LED system products; Defendant has knowingly induced infringement and has had specific intent to induce infringement of the '685 Reissue by its activities relating to the marketing, support, and distribution of its LED system products; Defendant had committed and intended to commit contributory infringement of the '685 Reissue; and Defendant knew that its LED system products, and/or any components thereof, were especially made or adapted for use in infringing the '685 Reissue. (*Id.*) Finally, Defendant has contributed to the infringement of the '685 Reissue by marketing, supporting, distribution, offering for sale and/or selling the phosphor-based LED products, and/or components thereof, to its customers. (*Id.*) Plaintiff contends that Defendant has had actual knowledge of the '685 Reissue since no later than the date of the filing of the Complaint. (*Id.* at ¶ 22).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (2007). Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557 (2007)). However, this "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *West Penn Allegheny Health Sys. Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008)).

### III. DISCUSSION

**A. Motions before the Court**

### 1. Defendant's Motion

Defendant argues that dismissal of Count II of Plaintiff's Complaint is warranted upon the following grounds: (1) The '685 reissue patent enlarged the scope of the claims of '567 patent; and (2) the application for the '685 reissue patent was filed over two years after the '567 patent issued.

### 2. Plaintiff's Opposition

In opposition to the instant motion, Plaintiff argues: (1) Plaintiff timely filed its reissue application within the two-year window, and then properly used a divisional reissue application to continue its examination; (2) Plaintiff fulfilled any requirement to reference the parent application in the divisional; and (3) Defendant's motion is particularly meritless in the procedural context of a motion to dismiss.

## B. '685 Reissue

Defendant argues that Claim 10 of the '685 reissue is facially invalid and therefore, Defendant cannot be liable for any alleged infringement. As a result of this, Defendant contents that Count II of Plaintiff's Complaint fails to state a plausible claim for relief and must be dismissed. Defendant asserts that claim 10 of the '685 reissue is facially invalid because while the '567 patent was issued on December 23, 2003, the reissue application was not filed until April 19, 2007, *over three years* after the '567 patent issued. Defendant points to the language of 35 U.S.C. § 251(d), for the proposition that "no reissue patent shall be granted enlarging the scope of the claims of the original *patent unless applied for within two years* from the grant of the original patent." 35 U.S.C. §251 (d) (Emphasis added). Moreover, Defendant notes that under 35 U.S.C. §120, for a later-filed application to claim priority to an earlier application, the

application must contain or be amended to contain a specific reference to the earlier filed application, which Defendant argues, Plaintiff has failed to satisfy. *Encyclopedia Britannica, Inc. v. Alpine Elecs. Of Am., Inc.,* 609 F.3d 1345, 1349-1350 (Fed. Cir. 2010).

Plaintiff responds to Defendant's arguments by stating that Plaintiff filed an application for a reissue of '567 patent on December 22, 2005, within two years of the issuance of the '567 patent. Plaintiff sought to correct an error originally issued in the '567 parent by adding twenty one (21) new claims in the patent reissue application. Plaintiff contends that the USPTO reviewed the '597 parent reissue application and determined that the new claims were sufficiently distinct from the original nine claims and that they should be included in separate, but related applications, called "divisional" applications. Plaintiff states that pursuant to the USPTO's instructions, on April 19, 2007, Plaintiff amended the '597 patent by cancelling claims 10-30, without prejudice, and concurrently filed two divisional applications. The USPTO then suspended the examination of '597 parent reissue application and commenced examination of the '399 divisional application, where it eventually determined that the claims were allowable and could issue into a patent. Plaintiff, following the USPTO's instructions, merged the '399 divisional reissue application with the '597 parent reissue application. Plaintiff cites to *In re Staats,* for the proposition that a second related reissue application may be filed after the two year window when that application relates back to a parent application that is still being examined. 671 F.3d 1350, 1355-56 (Fed. Cir. 2012).

Furthermore, Plaintiff argues that the '399 divisional reissue application does contain a specific reference to the earlier filed application, despite Defendant's contentions. Plaintiff points to language in the '399 divisional reissue application which states:

> Notice: More than one reissue application has been filed for the reissue of US. Pat. No. 6,666, 567. The reissue applications are application ***Ser. No. 11/788,399 (the present application)***, Ser. No. 11/788,398 (filed concurrently herewith), and ***Ser. No. 11/316,567, all*** of which ***are divisional reissues of U.S. Pat. No. 6,666,567.***

(ECF No. 30-12 at 2) (Emphases added). Plaintiff maintains that although Defendant states that this is inadequate to establish specific reference, the USPTO found no issues with this notice and granted the claims. Plaintiff then points to other statements in the file history which provide other reference to the '597 parent reissue application. Plaintiff asserts that the above cited provision in the body of '685 reissue patent combined with Plaintiff's and the USPTO's statements in the file history provide sufficient notice of the relationship between the '399 divisional reissue application and the '597 parent reissue application.

Finally, Plaintiff argues, notwithstanding the above arguments, Defendant's motion is meritless in the procedural context of a motion to dismiss. Plaintiff states that the Court should reject Defendant's argument that the '399 divisional reissue application cannot claim priority to the '597 parent application due to the alleged lack of a specific reference in the divisional application for several reasons. Plaintiff contends that whether written description exists in a question of fact, often determined by expert testimony and not appropriate on a motion to dismiss; expert testimony is needed to determine how one of ordinary skill in the art would understand the scope of written description in the '597 reissue parent application; the Court has not engaged in claim construction and it would be inappropriate to invalidate claim 10 without claim construction discovery; and Defendant's motion does not meet the high burden of establishing a failure to state a claim upon which relief could be granted.

Defendant responds to Plaintiff by stating that Plaintiff's arguments are based upon a "fundamental misunderstanding" of the specific reference requirement under §120. Defendant

states that the text that Plaintiff relies upon as a specific reference was actually inserted to comply with the requirement that there must be notification if more than one reissue application is filed for a single patent as prescribed in Patent Office Rule 177. 37 C.F.R. §1.177(a). Defendant asserts that the language Plaintiff asserted into its specification exactly tracks the suggested language in the Manual of Patent examining Procedure ("MPEP"). Defendant furthers its argument by pointing out that in *In re Staats* there was no dispute whether the application was a proper "continuing reissue application" because the patent application is that case contained the "specific reference" required by § 120. Defendant then points to two separate paragraphs in the *Staats* patent application; one which stands for the purpose of denoting specific reference, and the other which denotes the multiple-issue-notice requirement of Rule 177.

What is more, Defendant argues that Plaintiff's contention that based upon statements in the prosecution history the Court should infer that the public was sufficiently given notice is misguided. Plaintiff cites Federal Circuit law for the proposition that §120 cannot be satisfied based on contextual clues in prosecution history from which the public would have to discern the intended claim for priority. *Medtronic CoreValve, LLC v. Edwards Lifesciences Corp.*, 741 F.3d 1359, 1366 (Fed. Cir. 2014). Therefore, Defendant argues, because Plaintiff did not make the specific reference in the application itself, Plaintiff has not met its §120 burden. Finally, Defendant asserts that even though, by statute, Plaintiff had four months from the date of its application to make specific reference, Plaintiff still failed to submit the reference and thus waived any benefit under 35 U.S.C. §§ 120 and 121. 37 C.F.R. §1.78(a)(2)(ii).

> Claim construction is often a preliminary proceeding in the district court, before trial of infringement, validity, damages, etc. At the threshold, the court establishes the metes and bounds of the claims that define the patent right. The questions of claim construction are not questions of weight of evidence or credibility of witnesses, but of the claim scope as set forth in the patent documents.

*Lighting Ballast Control LLC v. Philips Electronics N. Am. Corp.*, 744 F.3d 1272, 1285 (Fed. Cir. 2014).

The Court finds it inappropriate, at this stage of the litigation, to dismiss Count II of Plaintiff's Complaint. Although, Defendant may be able to invalidate Claim 10 of the '685 reissue at a later stage, the Court declines to undertake that enquiry without both parties being afforded proper claim construction discovery. For the Court to render the '685 reissue invalid at this stage of the proceedings would be premature. Rule 12(b)(6), "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *West Penn Allegheny Health Sys. Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008)). Based upon this standard and the pleadings at hand, Plaintiff has alleged direct and indirect infringement in Count II in a manner sufficient to defeat Defendant's partial motion to dismiss. Therefore, Defendant's motion is denied.

## IV. CONCLUSION

For the reasons herein expressed, Defendant's motion to dismiss Count II of Plaintiff's Complaint is **denied**.

An appropriate Order accompanies this Opinion.

DATE: January 12, 2015

Jose L. Linares
United States District Judge